JS 44 (Rev. 12/07) (CAND Rev 1/10)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MIDWEST EVIRONMENTAL DEFENSE CENTER

## DEFENDANTS
U.S. Environmental Protection Agency, LISA P. JACKSON, Administrator

**(b)** County of Residence of First Listed Plaintiff **Dane, Wisconsin**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Kristin Henry
Sierra Club Environmental Law Program
85 Second St., 2nd Floor
San Francisco, CA 94105       Tel. 415-977-5716

Attorneys (If Known)

E-filing

JSC ADR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury — Product Liability | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| | [ ] 345 Marine Product Liability | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 195 Contract Product Liability | | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [X] 890 Other Statutory Actions |
| [ ] 196 Franchise | | **PRISONER PETITIONS** | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 791 Empl. Ret. Inc. Security Act | | [X] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [X] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Clean Air Act, 42 U.S.C. §§ 7401 et. seq.
Brief description of cause:
Failure to perform mandatory duties.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". cv-11-5651-Magistrate Judge Donna M. Ryu

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE    [ ] EUREKA

DATE  November 28, 2011

SIGNATURE OF ATTORNEY OF RECORD
Kristin A. Henry

KRISTIN HENRY (Cal. Bar No. 220908)
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
Telephone: (415) 977-5709
Facsimile: (415) 977-5793
Kristin.Henry@sierraclub.org

Counsel for Plaintiff Midwest Environmental Defense Center

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

MIDWEST ENVIRONMENTAL DEFENSE CENTER,

    Plaintiff,

v.

LISA P. JACKSON,
in her official capacity as Administrator of the
United States Environmental Protection Agency,

    Defendant.

Case No. 11-5694

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

(Clean Air Act, 42 U.S.C. §§ 7401 *et. seq.*)

# INTRODUCTION

1. Plaintiff Midwest Environmental Defense Center brings this Clean Air Act citizen suit to compel the United States Environmental Protection Agency ("EPA") to undertake overdue mandatory duties. Specifically, Plaintiff challenges the failure of Defendant, Lisa P. Jackson, in her official capacity as Administrator of the EPA, to perform certain mandatory duties required by the Clean Air Act, 42 U.S.C. §§ 7401-7671q. These duties include the failure to make a finding of failure to submit under 42 U.S.C. § 7410(k)(1)(B) for multiple State Implementation Plans ("SIPs") submittal requirements for all fifty states except Mississippi, South Carolina, Tennessee, Kentucky, Florida and Alabama, as well as the District of Columbia, and Puerto Rico ("States")[1].

# JURISDICTION

2. This case is a Clean Air Act citizen suit. Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

# NOTICE

3. On September 28, 2011, Plaintiff Midwest Environmental Defense Center mailed a letter via certified mail, return receipt requested, to Defendant Lisa P. Jackson stating that it intends to sue Defendant for the violations alleged in this Complaint regarding failure to make a finding of failure to submit Infrastructure State Implementation Plans for the 2008 ozone NAAQS. More than sixty days have passed since Plaintiff sent this notice of intent to sue letter. To date,

---

[1] For the purposes of this complaint, none of these allegations should be considered to apply to Guam, the Virgin Islands, American Samoa or the Northern Mariana Islands.

1

COMPLAINT

1  Defendant has not remedied the violations alleged in this Complaint. Therefore, an actual
2  controversy exists.

## VENUE

4. Defendant EPA resides in this judicial district. This civil action is brought against an officer of the United States acting in her official capacity and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Northern District of California. The claim in this Complaint concerns EPA's failure to perform mandatory duties with regard to Arizona, California, Hawaii, and Nevada. EPA Region 9, whose jurisdiction includes Arizona, California, Hawaii, and Nevada, is headquartered in San Francisco. Thus several of the events and omissions at issue in this action occurred at EPA's Region 9 headquarters in San Francisco. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## INTRADISTRICT ASSIGNMENT

5. A substantial part of the events and omissions giving rise to the claims in this case occurred in the County of San Francisco. Accordingly, assignment to the San Francisco Division or the Oakland Division is proper pursuant to Civil L.R. 3-2(c) and (d).

## PARTIES

6. Plaintiff MIDWEST ENVIRONMENTAL DEFENSE CENTER is a public interest environmental organization based in Madison, Wisconsin. Midwest Environmental Defense Center's mission is to protect and restore the environment, natural resources, and public health of

1 the upper Midwest by ensuring that laws designed to protect the public are applied and enforced
2 as they were intended.
3 7. Members and staff of Midwest Environmental Defense Center live, work, recreate, and
4 travel throughout the States and will continue to do so on a regular basis. Ozone in the affected
5 States threatens, and will continue to threaten, the health and welfare of Plaintiff's staff and
6 members. Midwest Environmental Defense Center staff's and members', as well as the public's,
7 ability to enjoy the aesthetic qualities and recreational opportunities is diminished by ozone in
8 the respective areas.
9 8. EPA's failure to timely perform the mandatory duties described herein also adversely
10 affects Plaintiff, as well as its staff and members, by depriving them of procedural protection and
11 opportunities, as well as information that they are entitled to under the Clean Air Act. The
12 failure of EPA to perform the mandatory duties also creates uncertainty for Plaintiff's staff and
13 members as to whether they are exposed to excess air pollution.
14 9. The above injuries will continue until the Court grants the relief requested herein.
15 10. Defendant LISA P. JACKSON is the Administrator of the United States Environmental
16 Protection Agency. In that role Administrator Jackson has been charged by Congress with the
17 duty to administer the Clean Air Act, including the mandatory duties at issue in this case.
18
19 **LEGAL BACKGROUND**
20 11. Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against
21 air pollution in the United States with a view to assuring that the air we breathe throughout the
22 Nation is wholesome once again." H.R.Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S.Code
23 Cong. & Admin. News 5356, 5356. To promote this, the Act requires EPA to set National

3

28 COMPLAINT


Ambient Air Quality Standards establishing maximum allowable concentrations for certain pollutants, including ozone.

12. Adverse impacts arise from ground-level ozone ("ozone") pollution, commonly referred to as smog. Ozone represents a serious air quality issue in many parts of the United States. Exposure to ozone pollution causes numerous impacts to a person's respiratory system, including asthma, pneumonia, and bronchitis, and can result in the permanent scarring of lung tissue. Moreover, the detrimental effects extend beyond public health. Ozone pollution also interferes with vegetation's ability to function properly. This interference results in injuries such as decreased crop yields and damage to native ecosystems.

13. The Clean Air Act requires each state to submit a state implementation plan for every promulgation or revision of a National Ambient Air Quality Standard, within three years of that standard's promulgation or revision, that provides for the "implementation, maintenance, and enforcement" of the standard. 42 U.S.C. § 7410(a)(1). These are often referred to as "Infrastructure" state implementation plans. An Infrastructure state implementation plan submittal must meet the requirements listed under 42 U.S.C. § 7410(a)(2). *See* 42 U.S.C. §§ 7410(a)(2)(A)-(M).

14. The Clean Air Act requires EPA to determine whether any state implementation plan submittal is administratively complete. 42 U.S.C. 7410(k)(1)(B). EPA must make this determination by "no later than 6 months after the date, if any, by which a State is required to submit the plan or revision." *Id.*

15. If a state fails to submit any required state implementation plan, there is no submittal that may be deemed administratively complete, and EPA must make a determination stating that the

4

COMPLAINT

1  state failed to submit the required state implementation plan. 42 U.S.C. § 7410(k)(1)(B). This is
2  referred to as a "finding of failure to submit."

## CLAIM FOR RELIEF

### CLAIM ONE
(EPA's Failure to find that States have not Submitted 2008 ozone National Ambient Air Quality Standards State Implementation Plans)

16.  Plaintiff incorporates by reference paragraphs 1 through 15.

17.  Pursuant to the Clean Air Act, each state must submit an "Infrastructure" state implementation plan that provides for the "implementation, maintenance, and enforcement" of a National Ambient Air Quality Standard within three years of a standard's promulgation or revision. 42 U.S.C. § 7410(a)(1).

18.  The Clean Air Act requires EPA to determine whether a state implementation plan submittal is administratively complete. *See* 42 U.S.C. 7410(k)(1)(B).

19.  If a state fails to submit any required state implementation plan, there is no submittal that may be deemed administratively complete and EPA must make a determination stating that the state failed to submit the required state implementation plan. *See* 42 U.S.C. § 7410(k)(1)(B). This is referred to as a "finding of failure to submit."

20.  Thus, if a state does not submit a state implementation plan, EPA must make a finding of failure to submit no later than six months after the date by which the state implementation plan submittal was due. *See* 42 U.S.C. § 7410(k)(1)(B).

21. On March 12, 2008, the EPA promulgated revised National Ambient Air Quality Standards for ozone. *See* 73 Fed. Reg. 16436-16514 (March 27, 2008). EPA set a new standard limiting ozone concentrations to no more than 0.075 parts per million over an 8-hour period. *See* 40 C.F.R. § 50.15.

22. In accordance with Section 110(a)(1) of the Clean Air Act, States are required to submit SIPs to attain and maintain the National Ambient Air Quality Standards within three years of the promulgation or revision of a National Ambient Air Quality Standard. *See* 42 U.S.C. § 7410(a)(1). In assuring that SIPs attain and maintain the National Ambient Air Quality Standards in accordance with Section 110(a)(1), States must ensure their SIPs include requirements set forth under Section 110(a)(2). *See* 74 U.S.C. § 7410(a)(2). These requirements, include, but are not limited to:

- Enforceable emission limits (42 U.S.C. § 7410(a)(2)(A));
- Establishment and operation of monitoring systems (42 U.S.C. § 7410(a)(2)(B));
- Enforcement programs (42 U.S.C. § 7410(a)(2)(C));
- Limits on interstate transport (42 U.S.C. § 7410(a)(2)(D));
- Assurances of adequate authority (42 U.S.C. § 7410(a)(2)(E));
- Monitoring of emissions from stationary sources (42 U.S.C. § 7410(a)(2)(F));
- Authority to exercise emergency powers (42 U.S.C. § 7410(a)(2)(G));
- Provisions that provide for the revision of SIPs (42 U.S.C. § 7410(a)(2)(H));
- Meet consultation, public notification, and Prevention of Significant Deterioration ("PSD") requirements (42 U.S.C. § 7410(a)(2)(J));
- Provide for the modeling of air quality (42 U.S.C. § 7410(a)(2)(K));
- Establish permitting fees (42 U.S.C. § 7410(a)(2)(L));

1 • Ensure consultation and participation by local entities (42 U.S.C. §7410(a)(2)(M)).

2 These requirements are collectively referred to as the "general infrastructure elements." *See* U.S.

3 EPA, State Implementation Plan Overview,

4 http://www.epa.gov/air/urbanair/sipstatus/overview.html (last viewed Oct. 24, 2011).

5 23. The revised National Ambient Air Quality Standards for ozone were effective on May

6 27, 2008. *See* 73 Fed. Reg. 16436 (March 27, 2008). States must submit SIPs for the 2008 ozone

7 National Ambient Air Quality Standards by no later than March 12, 2011. *See* 73 Fed. Reg.

8 16436, 16503 (March 27, 2008).

9 24. None of the States except Mississippi, South Carolina, Tennessee, Kentucky, Florida and

10 Alabama have submitted these Infrastructure SIPs for the 2008 ozone National Ambient Air

11 Quality Standards.

12 25. The Administrator is required to make a finding as to whether a State has submitted the

13 required SIP no later than six months after the date by which the State was required to submit

14 such a SIP. *See* 42 U.S.C. § 7410(k)(1)(B). EPA must make findings of failure to submit SIPs

15 for the 2008 ozone National Ambient Air Quality Standards by no later than September 12,

16 2011.

17 26. EPA has not made findings that any States have failed to submit Infrastructure SIPs for

18 the 2008 ozone National Ambient Air Quality Standard.

19 27. Thus, EPA is in violation of its mandatory duty with regard to all the states except

20 Mississippi, South Carolina, Tennessee, Kentucky, Florida, and Alabama.

21

22

23

28

7

COMPLAINT

**REQUEST FOR RELIEF**

WHEREFORE, Midwest Environmental Defense Center respectfully requests that the Court:

A. Declare that the Administrator is in violation of the Clean Air Act with regard to her failure to perform each mandatory duty listed above;

B. Issue a mandatory injunction requiring the Administrator to perform her mandatory duties by certain dates;

C. Retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's order;

D. Grant Midwest Environmental Defense Center its reasonable costs of litigation, including attorneys' and experts' fees; and

E. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Kristin A. Henry*

Kristin Henry (Cal. Bar No. 220908)
Sierra Club
85 Second Street, 2nd Floor
San Francisco, CA 94105
Telephone: (415) 977-5709
Facsimile: (415) 977-5793
Kristin.Henry@sierraclub.org
Counsel for Plaintiff Midwest Environmental Defense Center

Dated: November 28, 2011

8

COMPLAINT